**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR URIBE, | ) No. CV 5:17-00558 CJC (AS) |
| Plaintiff, | ) **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| T. PEREZ, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Cesar Uribe ("Plaintiff"), an inmate at the California Institute for Men (CIM) in Chino, California, filed this pro se civil action in San Bernardino County Superior Court on February 11, 2016. Plaintiff seeks relief, in relevant part, for the violation of his federal constitutional rights, which are redressable under 42 U.S.C. § 1983. The Complaint names as Defendants: (1) Louie Escobell, CEO; (2) Muhammad A. Farooq, CMO; (3) Larry Maldonado, CHSA II; (4) Jose Serrano, CNE; (5) J. Christofferson, SRN II; (6) Tim

1

Perez, Warden; (7) B. LeMaster[], Associate Warden; (8) Captain R. Franco; (9) Lieutenant C.T. Stansbury; (10) Lieutenant D. Williams; and (11) DOES 1-20.

Plaintiff states that DOES 1-5 were, during the relevant time, employed by the California Department of Corrections and Rehabilitation ("CDCR") as Chief Executive Officers, Chief Medical Officers or Executives, or Health Services Administrators, or supervisors of medical staff at CIM. (Compl. 5). Plaintiff further states that DOES 6-10 and 11-20 were at all relevant times employed by CDCR and were the commanding officers of CIM Facility A. (Compl. 6). Plaintiff also states that DOES 11-15 were responsible, along with DOES 1-5, for ensuring that all CIM medical and custodial staff, including medical care contractors, complied with ethical, professional, and applicable laws. (Compl. 6). Defendants are sued in their individual and official capacities. (Id.).

Defendants J. Serrano, L. Maldonado, L. Escobell, B. LeMaster, M. Farooq, C. Stansbury, J. Christofferson, D. Williams and T. Perez ("Defendants") filed a notice of removal on March 23, 2017, pursuant to 28 U.S.C. § 1441(a). (Docket Entry No. 2).

Plaintiff alleges that Defendants violated his Eighth Amendment right "to be free from cruel and unusual punishment under the California and U.S. Constitutions" (Compl. 11) when they engaged in conduct that was "intentional, and/or was done with reckless disregard for, and/or deliberate indifference toward, plaintiff's rights" (Compl. 7) which led to Plaintiff contracting the "norovirus

2

on or about December 12, 2014 and suffer[ing] all of its symptoms". (Compl. 9).

Plaintiff also alleges that Defendants are civilly liable in torts for (1) "Intentional" conduct (Compl. 4, 11-12); and (2) General Negligence (Compl. 4, 13-16) and that Defendants are liable for violations of California Civil Code §§ 52.1(b) and 52(a). (Compl. 11).

Plaintiff requests declaratory relief against Defendants Perez, LeMaster[], Escobell, Farooq, and DOES 1-5. (Compl. 12). Specifically, Plaintiff seeks, in part, a judgment declaring that Defendants' policies, practices, acts and omissions violate his rights. (Id.). Plaintiff further requests (1) "[p]ermanent injunctive relief prohibiting defendants from continuing to engage in the specific unlawful practices complained of"; (2) $50,441 of general damages; (3) $25,000 of punitive damages; (4) statutory damages as allowed by law, "including statutory and treble damages under California Civil Code §§ 52 and 52.1"; (5) attorneys' fees and costs; (6) the costs of suit; and (7) such other and further relief as the Court deems just and proper. (Compl. 18).

The Court has screened the Complaint as prescribed by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the reasons discussed below, the Court DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.[1]

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval from the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

3

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that, while he was an inmate at CIM, Defendants' actions and, where applicable, inactions caused him to contract the norovirus. (Compl. 5-10). Plaintiff alleges that CIM is a "High Risk Medical" ("HRM") facility at which he was housed in dorm A8. (Compl. 8). He claims that on or about "November of 2014, HRM inmates at CIM Facility A, dorm A6, contracted norovirus." (Id.). Plaintiff alleges that Defendants not only "failed to give dorm A6 inmates medical care and treatment", they "knowingly moved infected dorm A6 inmates to other non-infected dorms", including A8, compelling non-infected inmates to live with infected inmates and allowing infected inmates to share dining spaces and medical clinics, among other areas, with non-infected inmates. (Id.). Plaintiff alleges that Defendants failed to provide dorm A8 inmates with "latex gloves, facial masks, or the necessary chemicals to protect themselves from exposure to" the norovirus. (Id.). Plaintiff claims that on or about December 12, 2014, he contracted norovirus and "suffered all of its symptoms including but not limited to an immediate unforeseen and sudden onset queazyness, nausea, persistent vomiting, stomach cramps and pain, muscle pain, body aches, fever, persistent diarrhea, and weight loss, for approximately a week . . ." (Compl. 9).

Plaintiff alleges that as a "direct and proximate result" of Defendants' acts and omissions, he "suffered injuries in the form of, but not limited to, pain and suffering, mental and emotional distress". (Compl. 9).

**STANDARD OF REVIEW**

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A. A court may dismiss such a complaint, or any portion thereof if the court concludes that the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

Dismissal for failure to state a claim is appropriate if a complaint fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). A plaintiff must provide "more than labels and conclusions" or a "formulaic recitation of the elements" of his claim. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. However, "[s]pecific facts are not necessary; the [complaint] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555).

In considering whether to dismiss a complaint, a court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Moreover, pro se pleadings are "to be liberally construed" and held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal."). Nevertheless, dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

Plaintiff's Complaint contains deficiencies warranting dismissal, although leave to amend should be granted.[2] See 28 U.S.C. 1915A(b)(1).

---

[2] Under 28 U.S.C. §1367(a), if a district court has original jurisdiction over one or more claims, the court also has supplemental jurisdiction over all state law claims that arise out of the same transaction or occurrence. 28 U.S.C. § 1367(a). However, if all

## A. The Complaint Fails To Satisfy Federal Rule of Civil Procedure 8

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his Complaint. The Complaint must contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Lengthy complaints violate Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Plaintiff's Complaint does not comply with the standards of Rule 8. The unnecessarily long Complaint, which mixes potentially relevant and irrelevant facts with legal argument, is confusing, overly wordy, and redundant. For example, in Count I, paragraph six, Plaintiff states:

> Defendants Tim Perez, Warden, and LeMaster[], Associate Warden, were at all times relevant to this action responsible for supervising, disciplining, directing, governing, administrating, and providing necessary training for all correctional officers and medical staff employed at CIM. Defendants were at all times the final authorities at CIM and were also

---

federal claims have been dismissed, the district court no longer has supplemental jurisdiction over the state law claims. Id. Here, the Court has dismissed all of Plaintiff's federal claims with leave to amend. As a result, the court no longer has jurisdiction over Plaintiff's tort claims of intentional conduct and general negligence and claims for violations of California Civil Code violations. Accordingly, Plaintiff's state law claims are dismissed without prejudice.

> responsible for all the practices and procedures
> formulated, promulgated, disseminated, modified and
> enforced by correctional and medical staff alike.

(Compl. 6).[3] It is unnecessary for Plaintiff to enumerate every potential duty of Defendants Perez and LeMaster. Rather, Plaintiff need only describe the relevant facts in simple, direct, and concise terms, as well as how each Defendant personally participated in an alleged deprivation of constitutional rights or knew of constitutional violations and failed to prevent them.

To provide another guiding example, in Count I, paragraph fifteen, Plaintiff alleges that Defendants "knowingly moved infected dorm A6 inmates to other non-infected dorms, forced, coerced, and compelled non-infected inmates to live with infected inmates, and effectively exposed non-infected inmates and placed them at an unnecessary high risk of being infected". (Compl. 8). In subsequent paragraphs, Plaintiff goes on to describe, in detail, each specific area that Defendants allowed infected inmates to use simultaneously with non-infected inmates. (Compl. 8-9). At times, these allegations can be consolidated into shorter and simpler statements. The level of detail provided is both unnecessary and confusing.

Plaintiff is further cautioned to avoid making redundant averments. Multiple paragraphs re-state, in different ways, claims

---

[3] All page references correspond with the pagination provided by the Court's electronic docket.

Plaintiff previously made. Again, Plaintiff need only once describe the relevant facts in short and simple terms.

**B.** **<u>Supervisory Liability</u>**

To demonstrate a civil rights violation against a government official, a plaintiff must show either direct, personal participation of the official in the harm or some sufficient causal connection between the official's conduct and the alleged constitutional violation. See <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-07 (9th Cir. 2011). To be held liable, a supervising officer has to personally take some action against the plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff. <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Rather, "[s]upervisory liability [may be] imposed against a supervisory official in his individual capacity [only] for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." <u>Preschooler II v. Clark County Bd. of Trustees</u>, 479 F.3d 1175, 1183 (9th Cir. 2007).

"Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Bd. Of Regents, 673 F.2d 266, 268 (9th Cir. 1982); see also Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (per curiam).

Plaintiff alleges that "[a]ll individual defendants are named based on their personal involvement and/or supervisorial liability for their role in the constitutional deprivations alleged". (Compl. 7). Specifically, Plaintiff lists (1) Louie Escobell, CEO; (2) Muhammed A. Farooq, CMO; (3) Larry Maldonado, CHSA II; (4) Jose Serrano, CNE; (5) J. Christofferson, SRN II; (6) and DOES 1-5 as Defendants (Compl. 5), however fails to allege particular facts which demonstrate that these individuals personally participated in an alleged deprivation of constitutional rights or knew of constitutional violations and failed to act to prevent them.

Plaintiff is instructed to describe how each Defendant specifically and personally participated in an alleged deprivation of constitutional rights, knew of constitutional violations and failed to act to prevent them, or some sufficient causal connection between the official's conduct and the alleged constitutional violation.

\\
\\
\\

**C.   Plaintiff Must Identify The Doe Defendants Before The Court May Order Service Of Process**

The Complaint names twenty Doe defendants. A plaintiff's complaint may name a fictitious defendant if the plaintiff does not know the true identity of the defendant prior to the filing of the complaint. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Nonetheless, before the Court can order service of process by the United States Marshal upon any fictitious defendant, a plaintiff must provide the Court identifying information sufficient to permit the United States Marshal to effect service of process. Thus, a plaintiff should generally be given an opportunity to discover the names of unknown defendants. See Gillespie v. Civiletti, 629 F.2d 637, 642-43 (9th Cir. 1980).

It is premature to order discovery because Plaintiff's claims are defective for reasons unrelated to the naming of fictitious defendants. See Wakefield, 177 F.3d at 1163. Plaintiff is advised that he may be required to conduct discovery to determine the identities of any Doe defendants if he pursues this action.

Plaintiff is also advised that he must establish that every Defendant, including every unknown defendant, had personal involvement in the civil rights violations alleged and that the defendant's action or inaction caused the harm suffered. See Starr, 652 F.3d at 1207.

**CONCLUSION**

For the reasons discussed above, the Court DISMISSES Plaintiff's claims WITH LEAVE TO AMEND.

If Plaintiff still wishes to pursue this action, he shall file a First Amended Complaint **no later than 30 days from the date of this Order**. **The First Amended Complaint must cure the pleading defects discussed above and shall be complete in itself without reference to the original Complaint.** <u>See</u> **L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the original Complaint again.**

In any amended complaint, Plaintiff should identify the nature of each separate legal claim and confine his allegations to those operative facts supporting each of his claims. For each separate legal claim, Plaintiff should state the civil right that has been violated and the supporting facts for that claim only. Pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." However, Plaintiff is advised that the allegations in the First Amended Complaint should be consistent with the authorities discussed above. In addition, the First Amended Complaint may not include new Defendants or claims not reasonably related to the allegations in the previously filed complaints. **Plaintiff is strongly encouraged to once again utilize the standard**

**civil rights complaint form when filing any amended complaint, a copy of which is attached**.

Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, may result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders. See Fed. R. Civ. P. 41(b). Plaintiff is further advised that if he no longer wishes to pursue this action in its entirety or with respect to particular Defendants or claims, he may voluntarily dismiss all or any part of this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

Dated: April 18, 2017

_____/s/_____
ALKA SAGAR
United States Magistrate Judge