**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR URIBE, <br><br>  Plaintiff, <br><br> v. <br><br> T. PEREZ, et al., <br><br>  Defendants. | No. CV 5:17-00558-CJC (AS) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I. INTRODUCTION**

Plaintiff Cesar Uribe ("Plaintiff"), an inmate at the California Institute for Men (CIM) in Chino, California, proceeding pro se, filed a First Amended Complaint on September 25, 2017, (Docket Entry No. 13 ("FAC")), following the Court's dismissal of his original Complaint with leave to amend on April 18, 2017, (Docket Entry No. 6).[1] Plaintiff seeks relief, in relevant part, for the violation of his federal constitutional rights, which are redressable under 42 U.S.C. § 1983.

---

[1] Plaintiff filed the case in California state court on February 11, 2016, and Defendants filed a notice of removal on March 23, 2017, pursuant to 28 U.S.C. § 1441(a). (Docket Entry No. 2).

1

The Court has screened the Complaint as prescribed by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the reasons discussed below, the Court DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.[2]

## II. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

The First Amended Complaint names the following Defendants in their individual and official capacities: (1) Louie Escobell, CEO ("Escobell"); (2) Muhammad A. Farooq, CMO ("Farooq"); (3) Larry Maldonado, CHSA II ("Maldonado"); (4) Jose Serrano, CNE ("Serrano"); (5) Tim Perez, Warden ("Perez"); and (6) B. LeMaster, Associate Warden ("LeMaster"). He also names the following Defendants in their individual capacities: (1) J. Christofferson, SRN II ("Christofferson"); (2) Captain R. Franco ("Franco"); (3) Lieutenant C.T. Stansbury ("Stansbury"); and (4) Lieutenant D. Williams ("Williams"). In addition, he names as Defendants John Does 1-20. Plaintiff states that Does 1-10 are prison medical staff members and that Does 11-20 are prison custody staff members. (FAC at 4). He states that the "true names and capacities" of the Doe defendants "are presently unknown" to him, but he "will seek leave to amend" his pleading when he ascertains this information.[3] (Id.).

---

[2] Magistrate judges may dismiss a complaint with leave to amend without approval from the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

[3] The Court previously advised Plaintiff that he is responsible for providing sufficient identifying information about these fictitious Defendants before the Court can order service of process by the United States Marshall upon such Defendants, and may be required to conduct discovery to determine their identities if he pursues this action. See Gillespie v. Civiletti, 629 F.2d 637, 642-43 (9th Cir. 1980).

2

Plaintiff alleges that, while he was an inmate at CIM, Defendants' actions and inactions caused him to contract the norovirus. (Id. at 4-8). Plaintiff alleges that CIM is a "High Risk Medical" ("HRM") facility at which he was housed in dorm A8. (Id. at 4, 7). He claims that Escobell, Farooq, Maldonado, and Does 1-5 "created and implemented the practice of specifically and randomly designating Facility A dorms as makeshift 'quarantine dorms' to quarantine inmates with highly infectious, communicable, and contagious diseases, such as the norovirus." (Id. at 5). He asserts that that "[t]hese defendants knew that Facility A dorms were not designed or built to be quarantine dorms nor are they modified for quarantine of inmates when designated and used for quarantine purposes." (Id.). Perez, Lemaster, and Does 11-15, according to Plaintiff, "knew of this practice and approved it or ratified it." (Id. at 6).

Plaintiff claims that on or about "November of 2014, HRM inmates at CIM Facility A, dorm A6, contracted norovirus." (Id.). Plaintiff alleges that Stansbury, Williams, and Does 16-20 knew about this, and Franco, Perez, Lemaster, Escobell, Farooq, Maldonado, Serrano, Christofferson, and Does 1-10 were also "notified" about it. (Id.). Plaintiff alleges that, to address the matter, Escobell, Farooq, Maldonado, Serrano, and Does 1-5 "ordered" Christofferson and Does 6-10 "to designate dorm A6 as a quarantine dorm" and follow the alleged procedures. (Id.) This was ordered "with the knowledge and approval" of Perez, Lemaster, Franco, and Does 11-15. (Id.) Under this approach, Plaintiff claims that Defendants forced uninfected inmates to interact and be housed with infected inmates without

providing the inmates with care or protection to prevent the virus from spreading further. (Id. at 6-7). Plaintiff alleges that infected inmates were moved to other dorms, including A8, Plaintiff's dorm. (Id. at 7). Plaintiff claims that on or about December 12, 2014, he contracted norovirus, suffering various symptoms, including "an immediate unforeseen and sudden onset of queasiness, nausea, persistent vomiting, stomach cramps and pain, muscle pain, body aches, fever, persistent diarrhea, and weight loss, that rendered [him] incapacitated and bed-ridden because of the headaches, muscle pain, lethargy, and depletion of energy caused by repeated vomiting and diarrhea." (Id. at 8).

Plaintiff asserts five "claims" against Defendants, but only the first claim is brought under federal law. (Id. at 9-12). Specifically, the first claim, against all Defendants, is for violation of the Eighth Amendment for "failure to protect from substantial risk of harm." (Id. at 9). The second claim, also against all Defendants, is a claim for intentional tortious conduct in violation of California Civil Code §§ 52.1(b) and 52(a). (Id.). The third claim seeks declaratory relief against all Defendants, declaring that Defendants' "policies, practices, acts, and omissions" – including forcing Plaintiff and others "to share dining halls, dorms, medical clinics, work and education areas with known norovirus-infected inmates" – violate Plaintiff's rights under the Eighth and Fourteenth Amendments. (Id. at 10-11). Plaintiff's fourth claim is a negligence claim against Perez, Lemaster, Escobell, Farooq, Serrano, Maldonado, and Does 1-5 and 11-15 for failing, among other things, to implement and enforce adequate policies and

4

procedures to protect Plaintiff and other inmates from the spread of infections. (Id. at 11-12). The fifth and final claim is a negligence claim against Franco, Stansbury, Williams, Christofferson, and Does 6-10 and 16-20 for failing in their duty to protect Plaintiff and others from the norovirus despite having "immediate and direct control" over the inmates. (Id. at 12).

### III. STANDARD OF REVIEW

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A. A court may dismiss such a complaint, or any portion thereof if the court concludes that the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000) (en banc).

Dismissal for failure to state a claim is appropriate if a complaint fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). A plaintiff must provide "more than

labels and conclusions" or a "formulaic recitation of the elements" of his claim. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. However, "[s]pecific facts are not necessary; the [complaint] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555).

In considering whether to dismiss a complaint, a court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Moreover, pro se pleadings are "to be liberally construed" and held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal."). Nevertheless, dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**IV. DISCUSSION**

While Plaintiff's First Amended Complaint appears to remedy some of the defects in the original Complaint, it still contains deficiencies warranting dismissal with leave to amend.[4] See 28 U.S.C. 1915A(b)(1).

In particular, the First Amended Complaint does not comply with the pleading standards of Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10, moreover, requires each paragraph to be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Here, Plaintiff fails to clearly convey the basis for each of his claims and to sufficiently advise Defendants of the claims and allegations being asserted against each of them. Plaintiff's "first claim," for example, is labeled as a claim against all Defendants for

---

[4] Under 28 U.S.C. § 1367(a), if a district court has original jurisdiction over one or more claims, the court also has supplemental jurisdiction over all state law claims that arise out of the same transaction or occurrence. 28 U.S.C. § 1367(a). However, if all federal claims have been dismissed, the district court no longer has supplemental jurisdiction over the state law claims. Id. Here, the Court has dismissed all of Plaintiff's federal claims with leave to amend. As a result, the court no longer has jurisdiction over Plaintiff's tort claims of intentional conduct and general negligence and claims for violations of California Civil Code violations. Accordingly, Plaintiff's state law claims are dismissed without prejudice.

7

violation of the Eighth Amendment for "failure to protect from substantial risk of harm." (FAC at 9). The claim, however, states only that it "allege[] and incorporate[] . . . by reference" the allegations of all preceding paragraphs, leaving the Court and Defendants to guess which particular allegations among the twenty-seven preceding paragraphs might form a basis for relief. (Id.) The other four claims in the First Amended Complaint (for state law violations and declaratory relief) contain more specific support, but they, too, "incorporate[]" the allegations of all preceding paragraphs, including the paragraphs of preceding claims, making it impossible to discern which particular allegations are at issue in each individual claim. (Id. at 12).

In addition, many of Plaintiff's factual allegations are set forth in lengthy paragraphs containing multiple assertions, which will make it difficult for Defendants to respond effectively in an Answer. Such paragraphs should be consolidated or broken down into shorter, simpler paragraphs of no more than a sentence or two each.

**V. CONCLUSION**

For the reasons discussed above, the Court DISMISSES Plaintiff's claims WITH LEAVE TO AMEND.

If Plaintiff still wishes to pursue this action, he shall file a Second Amended Complaint **no later than 30 days from the date of this Order. The Second Amended Complaint must cure the pleading defects**

8

**discussed above and shall be complete in itself without reference to prior pleadings.** See **L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims he wishes to retain in the case.**

In any amended complaint, Plaintiff should identify the nature of each separate legal claim and confine his allegations to those operative facts supporting each of his claims. For each separate legal claim, Plaintiff should state the civil right that has been violated and the supporting facts for that claim only. Pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." However, Plaintiff is advised that the allegations in the Second Amended Complaint should be consistent with the authorities discussed above. In addition, the Second Amended Complaint may not include new Defendants or claims not reasonably related to the allegations in the previously filed complaints. **Plaintiff is strongly encouraged to once again utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached**.

Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, may result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders. See Fed. R.

Civ. P. 41(b). Plaintiff is further advised that if he no longer wishes to pursue this action in its entirety or with respect to particular Defendants or claims, he may voluntarily dismiss all or any part of this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

Dated: October 12, 2017

_____/s/_____
ALKA SAGAR
United States Magistrate Judge